Joseph Anthony FILGUERAS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-573.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1983.

Anthony Berry, Durant, for appellant.

Michael C. Turpen, Atty. Gen., John D. Rothman, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Joseph Anthony Filgueras, appellant, was convicted of Robbery with a Dangerous Weapon, in Johnston County District Court, Case No. CRF–81–23, sentenced to seven (7) years' imprisonment, and he now appeals, raising three (3) assignments of error.

At approximately 1:00 p.m. on May 27, 1981, Violet Willard was inside her home when three men wearing nylon hose over their heads broke through the door. She was shot in the arm and tied up. The men ransacked the house, taking with them jewelry, silverware, and other property when they left. Mrs. Willard managed to free herself and call the sheriff at approximately 2:30 p.m. A subsequent investigation led to the arrest of the appellant, as well as Richard Placco and Fredrick Conclin, both of whom testified against the appellant at trial, and the arrest of his aunt, Betty Marquis.

In his first assignment of error, appellant argues that the trial judge erred by refusing to grant a change of venue. He complains that both pre-trial publicity concerning the crime and events occurring thereafter, including allegations of Mafia involvement made at the preliminary hearing, and that his family's involvement in two previous, highly publicized trials so biased the community against him that he was denied the benefit of an impartial jury.

■ The appellant, however, failed to comply with the procedure for change of venue set forth at 22 O.S.1981, § 561, in that his motion was not supported by the affidavits of at least three credible persons residing in the county. Thus, the motion not having been properly before the trial court, it is likewise not properly before this Court. See, *Ake v. State,* 663 P.2d 1, (Okl. Cr.1983), and cases cited therein. Moreover, we believe that the extensive voir dire examination allowed by the trial judge afforded the appellant ample time and opportunity to weed out unsatisfactory or biased jurors. *Francis v. State,* 555 P.2d 88 (Okl. Cr.1976). Appellant's argument is without merit.

■ Appellant next contends that it was reversible error for the trial judge to refuse to disqualify himself. Here, appellant alleges that Judge H. Leo Austin could not "serve as a completely neutral judge because of his participation in related cases." The rule in Oklahoma in both criminal and civil cases is that such a motion is addressed to the sound discretion of the trial court, and absent a clear showing of abuse of that discretion, this Court will not reverse the trial judge's ruling on appeal. *T.R.M. v. State,* 596 P.2d 902 (Okl.Cr.1979). In the instant case, the appellant has failed to demonstrate any prejudice, and our examination of the record fails to reveal any. We therefore hold that the trial judge did not abuse his discretion in overruling the motion. See, *Carter v. State,* 560 P.2d 994 (Okl.Cr.1977).

■ Appellant's final assignment of error is that neither Judge Woodrow George, who issued a search warrant on May 28, 1981, nor Judge Stanley Anderson, who issued a search warrant on May 30, 1981, should have authorized the serving of the warrant at night.[1] We disagree. With respect to both warrants, the affidavits positively stated that the property was in the place to be searched. Also, in both affidavits, the

---

1. 22 O.S.1981, § 1230 states:
    The judge shall insert a direction in the warrant that it be served in the daytime, unless the affidavits be positive that the property is on the person, or in the place to be searched, and the judge finds that there is likelihood that the property named in the search warrant will be destroyed, moved or concealed. In which case the judge may insert a direction that it be served at any time of the day or night.

information was sufficient to establish that the property could be moved or concealed. The exercise of judicial discretion in allowing the search warrants to be served day or night was therefore in accord with the controlling statute. This assignment of error is without merit.[2] *Campbell v. State,* 651 P.2d 696 (Okl.Cr.1982).

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.

---

**2.** Appellant also contends that the affiant made no claim of his informant's reliability. As a review of the record reveals that the three defendants were the affiant's source of information, appellant's assertion is frivolous.