**Michael Don ELLIS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–87–87.**

Court of Criminal Appeals of Oklahoma.

June 29, 1990.

As Corrected July 13, 1990.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

Michael Don Ellis, appellant, was tried by jury and convicted of First Degree Murder (21 O.S.Supp.1982, § 701.7) in Oklahoma County District Court, Case No. CRF–86–1009, before the Honorable James B. Blevins, District Judge. Punishment was set at life imprisonment. Judgment and sentence was entered accordingly. We affirm.

On the evening of February 16, 1986, appellant and Steve Fish went to the residence of Billy Clark where appellant borrowed a 30/30 rifle. Later that evening, Fish drove, at appellant's direction, to a convenience store located adjacent to a Texaco station owned by the victim, David Sauls. Appellant asked Fish to use a pay phone at the convenience store, dial a number provided by appellant and ask for "DAVID." David Sauls was shot as he answered the telephone inside the Texaco. Roy Golightly, a firearm's examiner, testified that the bullet jacket found at the crime scene was fired from the 30/30 rifle later turned over to police by Billy Clark.

Appellant testified that at the time of the shooting he was at a night club in Oklahoma City. Appellant admitted borrowing the rifle from Billy Clark but claimed he did so because Steve Fish told appellant he needed a gun. (Tr. 257).

Appellant first contends he was denied a fair trial because the jury panel was tainted. Appellant's argument is based on two grounds. First, appellant claims he knew juror Roscoe Madden. Second, appellant alleges Mr. Madden made a statement in the presence of other jurors prior to the start of deliberations that appellant was guilty of the crime charged. We find no merit in these contentions.

Appellant did not inform defense counsel that he knew a member of the jury until the second day of the trial and after the jury was selected. (Tr. 320). This Court has stated on numerous occasions that it is the duty of counsel to examine the jurors on *voir dire* and discover by proper investigation the facts affecting their qualifications and then to reasonably raise any objection that might exist as to any member of the panel. *Stewart v. State,* 757 P.2d 388, 392 (Okl.Cr.1988); *Perkins v. State,* 695 P.2d 1364, 1368 (Okl.Cr.1985).

■ We find that any reason for disqualifying the juror could have been found using reasonable diligence before verdict and, as such, it may not be made the subject of an attack on the verdict. *Smith v. State,* 651 P.2d 1067, 1069 (Okl.Cr.1982). Finally, independent of the due diligence requirement, appellant's assignment of error must fail because the transcript of *voir dire* was not included in the records presented on appeal. The burden rests with appellant to include all necessary records and transcripts for review. *Cardenas v. State,* 695 P.2d 876, 878 (Okl.Cr.1985).

As part of his first proposition, appellant alleges Mr. Madden held a preconceived opinion of his guilt and expressed this opinion to other members of the jury prior to the introduction of evidence in the case. Appellant first raised this claim of error at a hearing on a Motion for New Trial (Tr. 319). We find that appellant has failed to affirmatively show that the juror was actually prejudiced against him (i.e. that the statements were in fact made) and that he suffered an injustice as a result. *Brecheen v. State,* 732 P.2d 889, 894 (Okl.Cr.1987). Appellant knew of the alleged prejudicial comments two weeks prior to the hearing on the Motion for New Trial. (Tr. 324), and he failed to subpoena the juror accused of making the statements as permitted in 12 O.S.1981, § 2606. Therefore, we cannot conclude that appellant has met his burden to affirmatively show that the juror was actually prejudiced against him and the assignment of error must fail.

■ Appellant next claims the trial court erred when it gave an *Allen* charge to the jury. Appellant does not dispute that the *Allen* Instruction given complied with the Oklahoma Uniform Jury Instructions, and admits the wording was not coercive. Appellant contends the *Allen* Instruction was not proper because it had a coercive effect given the length of time the jury deliberated prior to receiving the instruction. We disagree. The jury deliberated for eight hours and forty minutes when the court delivered the *Allen* charge. (Tr. 312). The length of time a jury deliberates is within the discretion of the trial judge. Under the facts and circumstances of the case, we are unable to conclude that the *Allen* Instruction had a coercive effect. *See Jones v. State,* 456 P.2d 610, 613 (Okl.Cr.1969).

■ Next, appellant contends the trial court erred when it refused to grant a continuance at the hearing on the Motion for New Trial. Appellant sought the continuance to enable him to produce a witness who would testify that a member of the jury made statements professing appellant's guilt to other jury members prior to the introduction of evidence in the case. The record reveals that appellant knew the identity of the witness he wished to rely on two and one half weeks prior to the hearing on the Motion for New Trial (Tr. 324), yet made no attempt to secure the presence of the witness at the hearing. The record is devoid of any evidence that appellant used reasonable diligence to find the person to whom the juror allegedly communicated a preconceived opinion; nor does the record contain an affidavit as required by 12 O.S.1981, § 668, when the Motion for Continuance is based on the absence of a witness. The failure to file an affidavit in support of a Motion for Continuance is fatal unless a procedural failure results in a miscarriage of justice or constitutes a substantial violation of appellant's rights. *Hunnicutt v. State,* 755 P.2d 105, 109 (Okl. Cr.1988). We find no such violation.

Appellant next sets forth several statements made by the prosecutor in closing argument and alleges they were improper. We have reviewed these comments and conclude that the statements fall well within counsel's right to argue the evidence

presented at trial and draw reasonable inferences therefrom. *Allen v. State*, 734 P.2d 1304, 1308 (Okl.Cr.1987). Therefore, no reversal or modification is warranted.

 Appellant finally contends that he was denied effective assistance of counsel because his defense attorney had previously represented Steve Fish, the State's key prosecution witness, in a previous civil matter and in the present case. The record reveals that several days after the crime, the appellant's counsel, Mr. Box, was contacted by one of his civil clients who was the employer of Steve Fish. Mr. Box met with Mr. Fish and learned that Mr. Fish wished to turn himself over to police. Mr. Box then arranged a meeting between Mr. Fish and the detective in charge of the investigation. Mr. Box accompanied Mr. Fish to the meeting and was present when Mr. Fish was offered immunity. (P.H. 6–7). Based on this transaction, appellant contends Mr. Box incurred a conflict of interest. The trial court, in overruling the assistant district attorney's objection on these grounds, determined that no conflict of interest existed. (P.H. 9). We have reviewed the district court's ultimate determination of whether an actual conflict existed *de novo*, and note that the court's resolution of the underlying facts giving rise to its conclusion is subject to a "clearly erroneous" standard of review. *United States v. Soto Hernandez*, 849 F.2d 1325, 1328 (10th Cir.1988). We are unable to conclude from this record that an actual conflict of interest existed, nor can we state that the trial court's decision based on the underlying facts is clearly erroneous. In reaching this conclusion we are not unmindful of the fact that, "[w]here defense counsel has represented a principal witness in litigation which has a factual relationship to issues in a pending criminal case, the conflicts principles for cases of multiple representation of defendants apply." *United States v. Winkle*, 722 F.2d 605, 610 (10th Cir.1983). The defendant need not show prejudice to obtain relief if he can demonstrate that his attorney's previous representation of the witness adversely affected the adequacy of defendant's subsequent representation. *United States v. Davis*, 766 F.2d 1452, 1457 (10th Cir.1985), *cert. denied*, 474 U.S. 908, 106 S.Ct. 239, 88 L.Ed.2d 240 (1985). We find that appellant has failed to establish that his defense counsel's prior dealings with Mr. Fish adversely affected his defense. The record indicates that appellant's defense counsel extensively cross examined Mr. Fish and was somewhat successful in impeaching his credibility. (Tr. 88–117). The mere possibility of a conflict of interest is not sufficient to reverse a criminal conviction. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Because we find no showing that defense counsel actively represented conflicting interests, reversal is not warranted. *Burnett v. State*, 760 P.2d 825, 828 (Okl.Cr. 1988).

Accordingly, the Judgment and Sentence is AFFIRMED.

LANE, V.P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.