**Tuan Anh NGUYEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–90–632.**

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1992.

---

8. Judge Charles Johnson recused from this case. The Honorable Steven J. Adams, District Judge in the Twelveth Judicial District, was assigned to sit on the Court of Criminal Appeals in this matter in lieu of Judge Johnson.

Lynn B. Lamberty and Mitchell A. Lee, Asst. Appellate Public Defenders, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Tuan Anh Nguyen, appellant, was tried by jury and convicted of three (3) counts of First Degree Murder in Tulsa County District Court Case No. CRF–82–1986, and sentenced to life imprisonment on Count I and death on both Counts II and III. Appellant's convictions and sentences were affirmed by this Court in *Nguyen v. State*, 769 P.2d 167 (Okl.Cr.1988), and the Supreme Court denied certiorari in *Nguyen v. Oklahoma*, 492 U.S. 925, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989). The instant appeal arises from the Tulsa County District Court's denial of appellant's application for post-conviction relief.

 In this appeal, appellant raises nineteen (19) assignments of error, the majority of which contain multiple sub-propositions. Absent a showing that appellant was denied effective assistance of appellate counsel, this Court will not consider most of the assignments of error asserted because they were either raised or should have been raised on direct appeal. Issues which were raised and decided on direct appeal are barred from reconsideration by *res judicata.* Issues which were not raised on direct appeal, but could have been raised are waived. *See Rojem v. State*, 829 P.2d 683 (Okl.Cr.1992); *Banks v. State*, 810 P.2d 1286 (Okl.Cr.1991), *cert. denied* — U.S. ——, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992). Ineffective assistance of appellate counsel is thus vital to our consideration of the majority of appellant's arguments and will be addressed first. Appellant has divided his ineffective assistance of appellate counsel claim into three categories: (1) Counsel failed to adequately present the issues raised on direct appeal; (2) counsel failed to raise critical issues; and (3) counsel failed to raise ineffective assistance of trial counsel.

In addressing the first category of alleged ineffectiveness, we refer to our detailed decision of a virtually identical issue in *Banks:*

[W]e begin with the observation that it is undeniably true that some appellate briefs are written better than others. Those briefs submitted by both appellant and appellee which are well researched, accurate, concise, clear and to the point are of true benefit to the Court. Not all briefs rise to this level of excellence. However, a brief reaches the minimum level constitutionally acceptable if it sufficiently raises relevant issues for the Court to consider and address.

The petitioner does not claim the issues raised on direct appeal ... were not fully considered by the Court. He simply argues that they could have been more effectively presented. We find that the briefs submitted on direct appeal ... were supported with relevant authority, and therefore were sufficient to raise the issues for our consideration.

*Id.*, 810 P.2d at 1290 (citations omitted).

Similarly, we find that the brief submitted on appellant's direct appeal in the instant case was supported with relevant authority and sufficiently raised the issues presented for our consideration. Indeed, direct appeal counsel raised a number of plausible issues, one of which resulted in the invalidation of an aggravating circumstance.

Turning to the second and third categories of alleged ineffectiveness of appellate counsel, our attention is again directed to this Court's opinion in *Banks*. In addressing a similar issue therein, that appellate counsel failed to raise critical issues in previous appeals, we stated *inter alia:*

> Plainly, all nonfrivolous issues need not, and should not be raised in an effective appellate brief. However, failure to raise an issue warranting reversal, modification of sentence, or remand for resentencing may well prove counsel was ineffective. In order to determine if such is the case here, we have addressed each of the errors [appellant] asserts in support of his argument that appellate counsel was ineffective.

*Id.*, 810 P.2d at 1291.

Appellant cites the following propositions of error in support of his claim that trial counsel failed to raise critical issues on direct appeal: Testimony concerning blood splatters at the crime scene was incompetent and speculative, and testimony regarding appellant's marital difficulty should have resulted in a mistrial (Prop. XIV(b) and (c)); numerous jury instruction errors in both stages of trial (Props. VI, VIII, IX and X(a–d)); the testimony of the State's second stage witness was inadmissible (Prop. XIV(f)); the jury instructions concerning the "continuing threat" aggravating circumstance were unconstitutionally vague and the evidence was insufficient to support the jury's finding of the same (Prop. VI); and the cumulative effect of the errors occurring during the proceedings denied appellant a fair trial.

With respect to appellant's third category of alleged ineffectiveness of appellant counsel, he claims that appellate counsel should have raised the following issues concerning ineffective assistance of trial counsel: Trial counsel conducted an inadequate investigation (Prop. XV(1)(a)); failed to adequately file pre-trial motions (Props. XV(1)(b) and I); provided ineffective assistance during jury selection (Prop. XV(1)(c)(1–3)); and provided ineffective assistance during trial (Prop. XV(1)(d)(1–12)), which includes *inter alia* references to

Props. I, III, IV, V(C), VIII, IX, X and XIV). Appellant also claims that he was denied a fair trial due to a conflict of interest which existed between himself and trial counsel (Prop. XV(2)).

When addressing claims of ineffective assistance of both trial and appellate counsel, this Court is guided by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Cartwright v. State*, 708 P.2d 592, 594 (Okl.Cr.1985), *cert. denied* 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986). The basic test for ineffectiveness of counsel is "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064. In determining whether counsel provided "reasonably effective assistance," this Court indulges "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.*, at 689, 104 S.Ct. at 2065. Finally, the appellant bears the burden of showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.*, at 687, 104 S.Ct. at 2064.

In the present case, we recognize that different trial counsel may have spent more time preparing the case, filed more pre-trial motions, asked more questions during jury selection, presented more evidence and made more objections during trial. Another appellate attorney may have raised more assignments of error on direct appeal. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id.*, at 689, 104 S.Ct. at 2065. However, our review of this issue cannot be governed by hindsight, but must focus on whether appellant's attorneys provided reasonably effective assistance. We have examined each of propositions of error alleged above, individually and in the aggregate, and conclude that appellant has failed to demonstrate a reasonable probability that, but for counsel's alleged unpro-

fessional errors, the results of either the trial or the direct appeal would have been different. *Id.*, at 694, 104 S.Ct. at 2068. We therefore will not address those assignments of error which were either raised or could have been raised on direct appeal, as those propositions are barred by *res judicata* or have been waived.

On direct appeal, a majority of this Court found that there was insufficient evidence to support the jury's finding that the murders of the White children were "especially heinous, atrocious or cruel." *Nguyen*, 769 P.2d at 174. However, relying on *Stouffer v. State*, 742 P.2d 562 (Okl.Cr.1987) (Opinion on Rehearing), *cert. denied* 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 779 (1988), we reweighed the evidence offered in support of the remaining valid aggravating circumstances against mitigating evidence and concluded that the sentences of death were factually substantiated and appropriate. We held that "[d]ue to the overwhelming evidence of guilt, the jury's finding that the murders were heinous, atrocious, or cruel was at most harmless error." *Nguyen*, 769 P.2d at 174–5.[1] In his seventh assignment of error, appellant advances five arguments to support his contention that our decision to affirm his death sentences was constitutionally infirm.

■ Appellant's first argument is premised upon the claim that the "especially heinous, atrocious or cruel" aggravating circumstance in constitutionally invalid. Since we limited the application of this circumstance in *Stouffer*[2], this Court has consistently upheld its validity. *See Boltz v. State*, 806 P.2d 1117, 1125 (Okl.Cr.1991), *cert. denied* — U.S. —, 112 S.Ct. 143, 116 L.Ed.2d 109 (1991); *Fox v. State*, 779 P.2d 562, 576 (Okl.Cr.1989), *cert. denied* 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990). We are unpersuaded by appellant's arguments to alter our opinion regarding this aggravating circumstance.

■ Appellant contends in his second and third arguments that the introduction of evidence supporting the "especially heinous, atrocious or cruel" aggravating circumstance and the jury's finding of the same renders the death sentences unreliable. In *Battenfield v. State*, 816 P.2d 555, 566 (Okl.Cr.1991), *cert. denied* — U.S. —, 112 S.Ct. 1491, 117 L.Ed.2d 632 (1992), we reiterated:

In *Stouffer*, 742 P.2d at 564, this Court held that an independent reweighing of aggravating and mitigating circumstances where one of several aggravating circumstances has been invalidated is implicit to our statutory duty to determine the factual substantiation of a verdict and validity of a death sentence. *See also Nguyen*, 769 P.2d at 174; *Castro [v. State ]*, 749 P.2d [1146] at 1148 [ (Okl.Cr.1987) ]. Furthermore, the Supreme Court has recently held that there is "nothing in appellate weighing or reweighing of the aggravating and mitigating circumstances that is at odds with contemporary standards of fairness or that is inherently unreliable and likely to result in arbitrary imposition of the death sentence." *Clemons v. Mississippi*, 494 U.S. 738 [750], 110 S.Ct. 1441, 1449, 108 L.Ed.2d 725 (1990).

*See also Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). We find that appellant has failed to demonstrate that our analysis on direct appeal resulted in unreliable sentences of death.

In his fourth argument, appellant maintains that our *Stouffer* analysis violated his Fourteenth Amendment due process right to sentencing by a jury. A substantially similar argument was rejected by the Tenth Circuit Court of Appeals in *Carbray v. Champion*, 905 F.2d 314 (10th Cir.1990),

---

1. On direct appeal, this writer disagreed that the evidence supporting this aggravating circumstance was insufficient. *Nguyen*, 769 P.2d at 175 (Parks, J., specially concurring). While I continue to adhere to the opinion I expressed therein, I am bound to accept the majority's decision regarding this subject as a matter of *stare decisis.*

2. This Court specifically limited application of this aggravating circumstance to those murders which are preceded by torture or serious physical abuse. *Stouffer,* 742 P.2d at 563. The jury in the present case was instructed according to this narrowed definition. (O.R. 124).

*cert. denied* — U.S. —, 111 S.Ct. 796, 112 L.Ed.2d 858 (1991), and by this Court in *Livingston v. State*, 795 P.2d 1055 (Okl.Cr. 1990), *cert. denied sub nom. Bennett v. Oklahoma*, — U.S. —, 111 S.Ct. 688, 112 L.Ed.2d 679 (1991). We find no error.

■ Appellant finally insists that application of the *Stouffer* analysis to his appeal, which was filed prior to our opinion in *Stouffer*, violated constitutional prohibitions against *ex post facto* application of judicial changes in policy which detrimentally affected his rights. Appellant acknowledges that we rejected such an argument in *Cartwright v. State*, 778 P.2d 479 (Okl.Cr.1989), *cert. denied* 497 U.S. 1015, 110 S.Ct. 3261, 111 L.Ed.2d 771 (1990)[3], but declares that our decision was erroneous and should be reconsidered. Again, we are unpersuaded by appellant's arguments and reaffirm our previous decision in *Cartwright*.

The remaining issue which properly remains before this Court is whether appellant was denied a full and fair hearing on his application for post-conviction relief. Below, we have addressed each of the arguments appellant raises in support of this claim.

Appellant first contends that the district court erred in denying his various motions for a competency evaluation, appointment of expert witnesses to determine competency and a stay of proceedings pending such competency determination. For the reasons stated in *Fisher v. State*, — P.2d —, — OBJ — (Okl.Cr.1992) (Parks' opinion in circulation), we find no error.

■ Without citing relevant authority, appellant next alleges that the district court erred in denying his requests for access to the court's jury pool records and certain documents and information in the possession of the District Attorney's Office and the Tulsa Police Department. Not only has appellant failed to support this allegation with relevant citations of authority, *see Hiler v. State*, 796 P.2d 346, 349

(Okl.Cr.1990), we find that he has also failed to demonstrate prejudice as a result of the district court's rulings. *Newsted v. State*, 720 P.2d 734, 739 (Okl.Cr.1986), *cert. denied* 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986); 20 O.S.1981, § 3001.1.

■ Appellant next asserts that the district court wrongfully denied his February 27, 1990, and April 18, 1990, motions for continuance. The decision to grant or deny a motion for a continuance is within the discretion of the district court and will not be disturbed absent an abuse of that discretion. *Ake v. State*, 778 P.2d 460, 465 (Okl. Cr.1989). The post-conviction application in this case was filed on November 9, 1989, and the hearing was held on April 19 and 20, and May 2, 1990. During the interim, appellant was granted a number of continuances. We also note that appellant's April 18, 1990, motion was not supported by affidavit, as required by 12 O.S.1981, § 668. *See also Ellis v. State*, 795 P.2d 107, 109 (Okl.Cr.1990). Under the circumstances of this case, we cannot say that the district court abused its discretion in denying appellant's motions.

■ Next, appellant charges that the district judge erred in refusing to recuse himself. Appellant supported his motion with allegations that the judge had prejudged his claim of ineffective assistance of counsel. *See* 20 O.S.1981, § 1401. A motion for disqualification is addressed to the sound discretion of the district court, and absent a clear showing of abuse, this Court will not reverse the district judge's ruling on appeal. *Filgueras v. State*, 668 P.2d 1172, 1173 (Okl.Cr.1983). As was true in *Filgueras*, "appellant has failed to demonstrate any prejudice, and our examination of the record fails to reveal any." *Id.* We find no abuse of discretion.

Appellant finally proclaims that the district court repeatedly erred in ruling on the admissibility of evidence at the post-conviction hearing. The admissibility of evidence

**3.** For the reasons stated in my dissent in *Cartwright*, 778 P.2d at 483, this writer is of the opinion that the resentencing provision codified at 21 O.S.Supp.1985, § 701.13(E)(2), should not

be applied retroactively. However, I am bound by *stare decisis* to apply the *Cartwright* decision to the present case.

is within the discretion of the district court and reversal is not warranted absent a showing of abuse. *Ashinsky v. State,* 780 P.2d 201, 204 (Okl.Cr.1989). We have reviewed each of the allegations set forth in appellant's brief and find no abuse of discretion. In conclusion, we hold that appellant was afforded a full and fair hearing on his application for post-conviction relief.

On the basis of the foregoing, the order of the District Court of Tulsa County denying post-conviction relief is AFFIRMED.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in results.

LUMPKIN, Vice–Presiding Judge, concurring in results:

I concur in the results reached by the Court in this case. However, the Court should follow the application of the doctrine of res judicata and waiver and refrain from further review of the issues raised in Proposition VII.