Derrell Lynn THOMAS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–94–534.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1994.

---

### ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

Derrell Lynn Thomas, Petitioner, was convicted of First Degree Murder and Robbery by Force after a jury trial in the District Court of Creek County, Case No. CRF–87–94. The jury recommended the death penalty for the murder charge and a term of ten (10) years imprisonment for the robbery charge. The trial court imposed sentence accordingly.

Petitioner's judgment and sentence were affirmed by this Court in *Thomas v. State*, 811 P.2d 1337 (Okl.Cr.1991). The Supreme Court of the United States denied his petition for writ of certiorari on January 13, 1992. 502 U.S. 1041, 112 S.Ct. 895, 116 L.Ed.2d 798 (1992). Upon the Supreme Court's denial of relief, Petitioner filed an Application for Post–Conviction Relief in the

District Court of Creek County on May 13, 1992. The district court held evidentiary hearings from June, 1992 to July, 1993 on the Petitioner's request for post-conviction relief. The district court denied post-conviction relief on April 28, 1994. It is from the district court's denial of post-conviction relief that Petitioner makes his present appeal.

 Petitioner's first two propositions of error allege: (1) there was insufficient evidence to support the aggravating circumstance that the murder was especially heinous, atrocious or cruel, and (2) the especially heinous, atrocious, or cruel aggravator is unconstitutional as applied and interpreted. These issues were raised on direct appeal. *Thomas* at 811 P.2d 1337, 1347–1352. It is not the office of the Post–Conviction Procedure Act, 22 O.S.1991, § 1080 *et seq.* to provide a second appeal under the mask of post-conviction application. *Williamson v. State,* 852 P.2d 167 (Okl.Cr.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 2122, 128 L.Ed.2d 677 (1994); *James v. State,* 818 P.2d 918, 920 (Okl.Cr.1991), *cert. denied,* 502 U.S. 1111, 112 S.Ct. 1214, 117 L.Ed.2d 452 (1992); *Ellington v. Crisp,* 547 P.2d 391, 393 (Okl.Cr.1976). The doctrine of *res judicata* bars consideration in post-conviction proceedings of issues which have been, or which could have been, raised on direct appeal. *James* at 818 P.2d 918, 920. We find that these propositions have been satisfactorily answered on direct appeal and are therefore barred from post-conviction review. *Thomas v. State,* 811 P.2d 1337, 1348–1349 (Okl.Cr.1991).

 In his third proposition of error Petitioner claims that he was denied his constitutional rights due to ineffective assistance of trial counsel. This proposition could have been raised on direct appeal, and therefore we find the proposition waived for collateral review. *Fowler v. State,* 873 P.2d 1053 (Okl. Cr.1994).

However, a review of the performance of trial counsel is necessary to resolve Petitioner's fourth proposition of error: that he was denied his constitutional rights by appellate counsel's failure to raise a claim of ineffective assistance of trial counsel. The district court reviewed this proposition on the merits after a series of evidentiary hearings. This Court will also address this proposition on the merits.

 Indigent criminal appellants are constitutionally entitled to effective assistance of appellate counsel during appeals of first right under the Fourteenth Amendment's Due Process Clause. *Evitts v. Lucey,* 469 U.S. 387, 395, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). U.S. Const. amend. XIV. The test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assistance" set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93 (1984). The basic test for ineffectiveness of counsel is, "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on has having produced a just result." *Strickland* at 466 U.S. 686, at 104 S.Ct. 2064. In such cases, the Court will indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Nguyen v. State,* 844 P.2d 176, 179 (Okl.Cr.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993). In *Nguyen* we reviewed an ineffective assistance of appellate counsel claim on post-conviction review where the petitioner claimed that appellate counsel failed to raise an ineffective assistance of trial counsel claim. *Nguyen* at 844 P.2d 176, 179–180. While all issues which are not frivolous need not be raised in an effective appellate brief, failure to raise an issue warranting reversal, modification of sentence or remand for resentencing may well prove counsel was ineffective. *Mann v. State,* 856 P.2d 992, 994 (Okl.Cr.1993). The question is whether appellate counsel's conduct so undermined the adversarial process that there emerged an unjust result in violation of Petitioner's due process rights. *Williamson; Nguyen.* In order to effectively address this issue, our focus will be on the conduct of trial counsel:

 Petitioner claims: (1) that trial counsel only spent about ten out-of-court hours preparing for trial; (2) trial counsel did not request or have an expert investigator, psy-

chiatrist, or co-counsel assist him;[1] (3) trial counsel was operating under stringent limits on the payment of attorney fees for his representation of Petitioner; (4) about two weeks prior to trial counsel was hospitalized with what one physician diagnosed as a heart attack; (5) trial counsel failed to insist on a continuance after the State moved for a late endorsement of three witnesses; (6) trial counsel did not properly object to or move to strike a hearsay remark by a State's witness, Mary Wofford, at trial; (7) trial counsel "barely showed up in the second stage of trial" because he did not call a single witness; (8) no information about Mr. Thomas' mental health condition was presented to the jury during the second-stage of trial; (9) trial counsel did not challenge the jury instructions on the "heinous, atrocious or cruel" aggravating circumstance, and (10) trial counsel did not challenge the aggravating circumstance and present evidence in mitigation.

█ Because only claims (5) through (10) deal with attorney *performance* we limit our review to these issues. *Strickland* at 466 U.S. 668, 687–691, at 104 S.Ct. 2052, 2064–2066. We find nothing per se unreasonable in defense counsel's refraining from objecting to the introduction of three new witnesses by the State. Therefore, there was no deficient performance under the Sixth Amendment in this regard. *Id.* Ms. Wofford's hearsay remark was held to be harmless error on direct appeal. *Thomas* at 811 P.2d 1337, 1343. Finding no prejudice on direct appeal on the hearsay issue, the second prong of the two-part test for ineffective assistance of counsel under *Strickland*[2] is not met, and therefore

appellate counsel's failure to raise an ineffective assistance of trial counsel claim because defense counsel did not seek the trial court's admonishment of the jury after Ms. Wofford made the hearsay statement was not ineffective assistance of appellate counsel. *Mann; Williamson; Nguyen.*

█ On the remaining issues of ineffective appellate counsel, we first note that the second-stage evidence presented by the State was an incorporation of the first-stage evidence. Closing arguments by both the State and defense counsel immediately followed the incorporation of the first-stage evidence into the second stage. Therefore, it is no more correct to say, as does Petitioner, that defense counsel "barely showed up" for the second stage than the prosecution did.

█ It is not per se unreasonable for trial counsel to omit the introduction of mitigating evidence in the punishment stage of a capital trial. We have previously held that election not to present mitigating evidence, without more, is not evidence of ineffective assistance of counsel. *Harjo v. State*, 882 P.2d 1067 (Okl.Cr.1994).

█ The final issue to resolve on the claim of ineffective assistance of appellate counsel is whether there was ineffective assistance of trial counsel due to a failure to challenge the proposed jury instructions on the "especially heinous, atrocious or cruel" aggravating circumstance. 21 O.S.1981, § 701.12(4). On direct appeal, we found that the trial court gave jury instructions that met constitutional muster on the aggravating circumstance, and therefore there was no prejudice to the Petitioner in trial counsel's

---

1. Concerning trial counsel's alleged duty to seek an investigator or psychiatrist, we note that because Petitioner's sanity was not in issue at trial, there was no constitutional requirement in the present case for the district court to appoint a mental health professional to assist defense counsel. See especially *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Petitioner presents no authority for his claim that he was owed an investigator at state expense, and because this issue was not raised on direct appeal we will deem it waived. *Smith v. State*, 878 P.2d 375 (Okl.Cr.1994).

2. The two-part test for ineffectiveness of counsel under *Strickland* is as follows: "First, the defen-

dant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland* at 466 U.S. 668, 687, 104 S.Ct. 2052, 2064.

failure to challenge the offered instruction. For the foregoing reasons, appellate counsel's omission of a claim of ineffective assistance of trial counsel was not objectively unreasonable. Therefore, Petitioner's fourth proposition of error is without merit.

In his fifth proposition of error Petitioner raises "certain additional violations of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and of Oklahoma law, though presented on direct appeal [that] warrant reconsideration." Again, an issue that was considered on direct appeal is barred from collateral review by the doctrine of *res judicata. Smith v. State,* 878 P.2d 375, 377 (Okl.Cr.1994). All issues within this proposition have been raised on direct appeal or were waived, except one.

 We will address Petitioner's claim that *Hunter v. State,* 829 P.2d 64 (Okl. Cr.1992) constitutes intervening new law requiring the Court to reassess its decision on direct appeal. *Hunter* established a new rule: in a capital case the State must file the Bill of Particulars prior to or at the arraignment of the defendant. *Id. Hunter* adopted a new rule of criminal procedure. New rules of criminal procedure do not apply to those cases pending on collateral review at the time the new rule is laid down. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Post-conviction relief is clearly a form of collateral review. *Robison v. State,* 818 P.2d 1250, 1251–1252 (Okl.Cr. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992). Because Petitioner's final appeal was decided before the *Hunter* rule was announced, we will not apply the *Hunter* rule to the present case on collateral review. Petitioner's fifth proposition of error is without merit.

Petitioner's final proposition of error alleges he was denied a "fair state process" in his post-conviction proceedings. Petitioner received a two-week continuance of an evidentiary hearing on the issue of effective assistance of appellate counsel on July 13, 1993. The reason for this continuance was that Petitioner's third post-trial attorney was not prepared for the evidentiary hearing because Petitioner's second post-trial attorney had recently left the Oklahoma Indigent Defense System (OIDS). In particular, Petitioner claims that the district court erred in denying him a second continuance at the time the July 27, 1993 evidentiary hearing was held because his third post-trial attorney's employment with OIDS was terminated shortly before the hearing. Mr. Randy Bauman is Petitioner's *fourth* post-trial attorney, and he was present before the district court on July 13, 1993.

 No witnesses were subpoenaed by any of Petitioner's attorneys for either the evidentiary hearing first scheduled for July 13, 1993 or on July 27, 1993, the date evidentiary hearing was finally held. We find from the record that Mr. Bauman more than adequately cross-examined the State's witnesses, including Petitioner's trial attorney, about Petitioner's trial and direct appeal attorneys' performances in the proceedings brought against Petitioner for the murder of Glenda Jane Powell. After waiting more than a year to even hold the evidentiary hearing Petitioner requested in the first place,[3] we find the district court was well within its discretion in denying the request for a second continuance, and its denial was neither arbitrary nor capricious. *Robedeaux v. State,* 866 P.2d 417, 431 (Okl.Cr.1993).

 While we applaud the efforts of the attorneys working on behalf of capital defendants, we recognize the Supreme Court of the United States has held that appointment of counsel in capital post-conviction proceedings is not constitutionally required. *Murray v. Giarrantano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989). We need not address the substance of Petitioner's claim that he was denied "fair state process" because his attorneys in the post-conviction proceedings had difficulty with high caseload demands and staff turnover. Petitioner's final proposition is without merit.

Having carefully examined Petitioner's Application and the district court's findings of

---

**3.** The parties stipulated to waive the time requirements set forth in 22 O.S.1991, § 1089 C. at a June 23, 1992 motion hearing.

fact and conclusions of law, we affirm the district court's denial of Petitioner's Application for Post–Conviction Relief.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Vice–Presiding Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge