Victor Wayne HOOKS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–94–1347.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1995.

Steven M. Presson, Vicki Ruth Adams Werneke, Assistant Appellate Indigent Defenders, Norman, for petitioner.

Susan B. Loving, Attorney General, A. Diane Blalock, Assistant Attorney General, Oklahoma City, for respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge.

Victor Wayne Hooks was tried by a jury and convicted of First Degree Malice Aforethought Murder for the death of Shalimein Blaine (21 O.S.Supp.1982, § 701.7), and First Degree Manslaughter for the death of her unborn fetus (21 O.S.1981, § 713), in the District Court of Oklahoma County, Case No. CRF–88–5642. After finding that Shalimein Blaine's murder was heinous, atrocious or cruel, that Hooks constituted a continuing threat to society, and that Hooks had a prior violent felony conviction, the jury sentenced him to death for that homicide. The jury imposed a 500 year prison sentence on the manslaughter conviction.

This Court affirmed Hooks's convictions and sentences in *Hooks v. State*,[1] and subsequently denied his petition for rehearing. The United States Supreme Court denied Hooks's petition for writ of certiorari on May 16, 1994.[2] On September 29, 1994, Hooks filed an application for post-conviction relief in Oklahoma County District Court.[3] That application was denied on December 9, 1994. Hooks now appeals the district court's denial of his application for post-conviction relief.

## ISSUES BARRED BY RES JUDICATA

Hooks raises sixteen propositions in his post-conviction appeal. This Court on direct appeal thoroughly considered and rejected the claims alleged in propositions two,[4] seven,[5] eight,[6] nine [7] and part of ten.[8] They are thus *res judicata* and will not be considered.[9]

## ISSUES TECHNICALLY WAIVED BUT ULTIMATELY PRESERVED UNDER RUBRIC OF INEFFECTIVE ASSISTANCE OF COUNSEL

In proposition one, Hooks alleges his direct appeal attorneys were ineffective in

1. 862 P.2d 1273 (Okl.Cr.1993).

2. *See Hooks v. Oklahoma,* —— U.S. ——, 114 S.Ct. 1870, 128 L.Ed.2d 490 (1994).

3. The Post–Conviction Procedure Act, found at 22 O.S.1991, §§ 1080–1089, sets forth the rules governing defendants' challenges to a conviction and/or sentence after resolution of their direct appeal.

4. *Hooks v. State,* 862 P.2d at 1283 (concluding that trial counsel's performance was not deficient). We note that Hooks's application for post-conviction relief alleges thirteen instances of trial counsel ineffectiveness which he did not directly raise and this Court did not explicitly consider when analyzing this issue on direct appeal. Yet, the fact remains that trial counsel's ineffectiveness was brought to this Court's attention on direct appeal. Accordingly, we consider this issue—and all instances of trial counsel ineffectiveness which could have been raised but were not—*res judicata* for purposes of Hooks's post-conviction appeal. *But cf. U.S. v. Galloway,* 56 F.3d 1239, 1241–42 (10th Cir.1995) (fact that ineffective assistance of counsel claim is raised and adjudicated on direct appeal will not proce-

durally bar an ineffectiveness claim in a collateral proceeding where new instances of ineffectiveness are advanced in support of that claim).

5. *Hooks v. State,* 862 P.2d at 1277–79 (concluding that trial court properly excluded Drs. King and Murphy's expert testimony).

6. *Id.* at 1279–80 (concluding that trial court properly excluded portions of Deputy Scott Cannon's testimony).

7. *Id.* at 1280 (concluding that trial court properly refused Hooks's requested instructions on the lesser offenses of first degree manslaughter and second degree murder).

8. *Id.* at 1282–83 (concluding that evidence was sufficient to support the continuing threat aggravator).

9. *Castro v. State,* 880 P.2d 387, 388 (Okl.Cr. 1994); *Fowler v. State,* 873 P.2d 1053, 1055 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994); *Ross v. State,* 872 P.2d 940, 941 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 441, 130 L.Ed.2d 352 (1994).

two ways: [10] they failed to raise meritorious claims; and, the claims they did raise were not adequately briefed.[11] Technically, these substantive claims have been either waived for not having been previously raised, or have been barred by the doctrine of *res judicata* for having been previously considered.[12] However, because this is Hooks's first opportunity to allege and argue appellate counsel's ineffectiveness, we will not consider these substantive issues—which are at the heart of this matter—procedurally barred.[13] Rather, we will examine these issues on the merits to determine whether appellate counsel's omission of some and briefing style of the others met the "reasonably effective" assistance of counsel standard established in *Strickland v. Washington.*[14]

■ To prevail on an ineffective assistance of appellate counsel claim, Hooks must show that his attorneys' performance was deficient and that such deficient performance prejudiced him.[15] In assessing appellate counsel's performance, this Court will "indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]"[16] The challenged legal performance must be assessed as of the time it was undertaken and in light of the facts of the particular case.[17] To meet the prejudice prong, Hooks must show a reasonable probability that, but for his appellate attorneys' unprofessional errors, the result of his appeal would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[18]

■ Hooks first sets forth seven issues and claims that his appellate attorneys were ineffective because they failed to raise these issues on direct appeal.[19] However, appel-

---

**10.** Hooks also claims his appellate attorneys were ineffective for failing to raise on direct appeal numerous instances of alleged trial counsel ineffectiveness. We addressed this claim *supra* and concluded that the issue of trial counsel effectiveness is *res judicata* for purposes of this post-conviction appeal.

**11.** The district court addressed the merits of Hooks's claim that his appellate attorneys were ineffective for failing to draft a legally acceptable appellate brief. However, it did not address Hooks's claim that his appellate attorneys were ineffective for failing to raise certain meritorious issues in their appellate brief.

**12.** We note that in those rare instances in which trial counsel and appellate counsel are one and the same, or in which appellate counsel was actively involved in the decision making at trial, ineffective assistance of trial counsel claims cannot be procedurally barred and thus may always be raised for the first time on post-conviction. *See Stiles v. State,* 902 P.2d 1104, 1108 (Okl.Cr. 1995).

**13.** *Sellers v. State,* 889 P.2d 895, 897–98 (Okl.Cr. 1995); *Castro v. State,* 880 P.2d at 388; *Mann v. State,* 856 P.2d 992, 994 (Okl.Cr.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1869, 128 L.Ed.2d 490 (1994); *Nguyen v. State,* 844 P.2d 176, 178 (Okl.Cr.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993).

**14.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court has not specifically set forth a standard by which to assess the effectiveness of appellate counsel. *See Evitts v. Lucey,* 469 U.S. 387, 392, 105 S.Ct. 830, 833, 83 L.Ed.2d 821 (1985) (holding that the Due

Process Clause requires that criminal defendants be provided the effective assistance of counsel on their first appeal of right, but declining to devise the means by which to define the "appropriate standards for judging claims of ineffective assistance of appellate counsel."). However, this Court has applied the *Strickland v. Washington* standard to claims of ineffective assistance of appellate counsel. *See Sellers v. State,* 889 P.2d at 898; *Cartwright v. State,* 708 P.2d 592, 594 (Okl.Cr.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 837, 88 L.Ed.2d 808 (1986).

**15.** *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064.

**16.** *Id.* at 689, 104 S.Ct. at 2065.

**17.** *Id.* at 690, 104 S.Ct. at 2066.

**18.** *Id.* at 694, 104 S.Ct. at 2068.

**19.** (1) **Proposition III:** Trial court's refusal to grant reasonable continuance violated Hooks's state and federal constitutional rights;

(2) **Proposition IV:** State's failure to provide sufficient and timely notice of evidence supporting aggravating circumstances deprived Hooks of constitutional rights;

(3) **Proposition V:** Trial court's failure to suppress both Hooks's oral statement and evidence taken from his apartment violated his constitutional rights;

(4) **Proposition VI:** Prosecutorial misconduct deprived Hooks of his right to a fair trial;

(5) **Proposition X:** Oklahoma's interpretation of the continuing threat aggravator is unconstitutional;

late counsel's failure to raise every conceivable, non-frivolous issue on direct appeal does not automatically constitute ineffective legal assistance.[20] To meet both the deficient performance and prejudice prongs of the *Strickland v. Washington* test, Hooks must establish that his appellate attorneys failed to raise issues warranting reversal, modification of sentence, or remand for resentencing.[21] After thoroughly reviewing the seven issues Hooks claims his appellate attorneys should have presented on direct appeal, we conclude that none warrant relief. Accordingly, Hooks's appellate attorneys were not ineffective in failing to raise them.

■ Hooks next argues as part of proposition one that his appellate attorneys were ineffective because the direct appeal brief they filed was grossly inadequate. However, post-conviction review does not afford defendants the opportunity to reassert claims "in hopes that further argument alone may change the outcome in different proceedings."[22] We have thus held that an appellate brief meets Sixth Amendment requirements if it presents relevant issues which are supported by facts and authority sufficient to enable this Court to consider them.[23]

The brief which Hooks's appellate attorneys filed on his behalf was in fact unusually short and not thoroughly supported by citations of authority. Despite their brevity, Hooks's appellate attorneys did raise and argue some complex evidentiary issues, as well as several issues challenging the murder conviction and sentence of death. While three propositions did not contain case law

citations, we did in fact review the substance of those propositions in light of relevant legal authority and found them to be without merit.[24]

■ Although we agree with post-conviction counsel that the brief Hooks's attorneys filed on direct appeal did not compare in either length or content to most capital appellate briefs, we reiterate that briefs which are not as thorough, as well-researched or as well-written as others may nonetheless be constitutionally adequate if they "sufficiently raise[ ] relevant issues for the Court to consider and address."[25] The attorneys who represented Hooks on direct appeal filed such a brief. We thus find they provided Hooks with reasonably effective appellate legal assistance. Hooks's allegations in proposition one, that his appellate attorneys were ineffective for failing to raise certain issues and for failing to file a constitutionally adequate brief, are denied.

## OTHER ISSUES CONSIDERED ON THE MERITS

■ In his thirteenth proposition, Hooks claims his constitutional rights were violated because the district court refused to grant his present attorney extra time to prepare the post-conviction application. While the district court did not allow post-conviction counsel all the additional time to file Hooks's application which he had requested, it did in fact grant two extensions.[26] This record simply does not support his post-conviction attorneys' claim that the trial court rendered them ineffective by failing to grant sufficient

---

(6) **Proposition XI:** Hooks's manslaughter conviction and sentence for killing an unborn fetus is unconstitutional; and

(7) **Proposition XII:** Trial court's failure to define life without parole requires reversal.

**20.** *Mann v. State,* 856 P.2d at 994.

**21.** *Mann v. State,* 856 P.2d at 994; *Nguyen v. State,* 844 P.2d at 179.

**22.** *See Fowler v. State,* 896 P.2d 566 (Okl.Cr. 1995).

**23.** *Mann v. State,* 856 P.2d at 994; *Nguyen v. State,* 844 P.2d at 178.

**24.** Proposition one, that Hooks's death sentence was the result of passion, prejudice and other arbitrary factors, was analyzed both in the body of the opinion and in the mandatory sentence review and found to be meritless. *Hooks v. State,* 862 P.2d at 1281–82, 1283–84. Proposition two, that the evidence did not support the jury's finding of any of the three alleged aggravators, was analyzed and denied. *Id.* at 1282. Proposition eight, that Hooks's trial counsel was ineffective, was analyzed and denied. *Id.* at 1283.

**25.** *Nguyen v. State,* 844 P.2d at 178.

**26.** O.R. 31, 37.

time to prepare Hooks's post-conviction application. Hooks's thirteenth proposition is thus denied.[27]

Hooks argues in his fourteenth proposition that the district court erred in refusing to grant his post-conviction attorneys' request for discovery. Hooks does not claim and the record does not reflect that the State withheld exculpatory evidence or violated any pre-trial discovery order issued in his case. He simply argues that there is no logical reason why discovery should not extend to post-conviction proceedings. We recently rejected a similar argument in *Smith v. State*,[28] and neither this record nor Hooks's argument and authority compels a different result in this case. Accordingly, Hooks's fourteenth proposition is denied.

In his fifteenth proposition, Hooks argues that the district court erred in refusing to grant his request for an evidentiary hearing on his post-conviction application claims. We disagree. Under the terms of the Post–Conviction Procedure Act, an evidentiary hearing is required only "if the application cannot be disposed of on the pleadings and record, or if there is a material issue of fact."[29] Hooks's post-conviction claims raised only legal questions which were capable of resolution upon the argument and authority contained in the application.[30] Further, Hooks's post-conviction claims contained no material issues of fact to be resolved. We thus conclude that the district court properly denied Hooks's request for an evidentiary hearing.[31] This proposition is denied.

Hooks argues in his sixteenth and final proposition that the cumulative effect of the errors alleged in his post-conviction application warrant relief. Where there is no individual error, however, there can be no error by accumulation.[32] This proposition is denied.

After reviewing Hooks's application for post-conviction relief, the district court's findings of fact and conclusions of law, and Hooks's brief appealing those findings and conclusions, we find that Hooks is not entitled to relief. We therefore **AFFIRM** the district court's order denying Hooks's application for post-conviction relief. Hooks has also included in his appellate brief a "Motion for Remand and Abeyance," claiming that he has been denied full, barrier-free contact with his attorneys and asking this Court to hold his post-conviction appeal in abeyance until a meaningful attorney-client relationship can be developed. After reviewing these allegations, we hereby DENY Hooks's motion.[33]

JOHNSON, P.J., LUMPKIN and STRUBHAR, JJ., concur.

LANE, J., concurs in results.

---

**27.** *See also Thomas v. State*, 888 P.2d 522, 527 (Okl.Cr.1995) (Court refused to address the substance of Thomas's claim that he was denied fair state process in post-conviction proceeding, reasoning that the Federal Constitution does not even require appointment of counsel on post-conviction).

**28.** 878 P.2d 375, 379 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). *See also Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).

**29.** 22 O.S.1991, § 1084.

**30.** *See Smith v. State*, 878 P.2d at 379.

**31.** *See Sellers v. State*, 889 P.2d at 898, n. 22; *Fowler v. State*, 873 P.2d at 1056; *Johnson v. State*, 823 P.2d 370, 373–74 (Okl.Cr.1991), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

**32.** *Fowler v. State*, 896 P.2d at 571.

**33.** *See Moore v. State*, 889 P.2d 1253, 1256 (Okl. Cr.1995).