FILED
United States Court of Appeals
Tenth Circuit

November 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN DEWAYNE WINCHESTER,

Petitioner - Appellant,

v.

JUSTIN JONES,

Respondent - Appellee.

No. 11-6175

W. D. Oklahoma

(D.C. No. 5:10-CV-00307-R)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

Petitioner, Kevin Dewayne Winchester, seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Winchester has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Winchester was convicted of first degree murder, in violation of Okla. Stat. tit. 21, § 701.7(A), and sentenced to life imprisonment

without the possibility of parole.  Winchester raised three issues on direct appeal: (1) his Sixth Amendment right of confrontation was violated when the trial court permitted the introduction of the victim's petition for a protective order, (2) the judge erroneously refused to instruct the jury on the lesser-included offense of first degree heat of passion manslaughter, and (3) the sentence imposed was excessive.  The Oklahoma Court of Criminal Appeals  ("OCCA") affirmed the conviction in an unpublished opinion.  Winchester then filed an application for post-conviction relief with the Oklahoma district court, raising five claims of error.  With the exception of allegations of ineffective assistance of trial and appellate counsel, the court concluded Winchester's claims were barred from post-conviction review because he was attempting to re-argue issues already raised on direct appeal or issues that could have been raised on direct appeal.  *See Thomas v. State*, 888 P.2d 522, 525 (Okla. Crim. App. 1994).  As to Winchester's claims of ineffective assistance of counsel, the state district court applied the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and denied relief.  The OCCA affirmed the denial of post-conviction relief on February 10, 2010.

Winchester filed the instant § 2254 habeas petition on March 26, 2010.  In his petition, Winchester raised six claims of error.  Winchester first argued the evidence was insufficient to sustain his conviction.  Because this claim was not asserted on direct appeal, the Oklahoma courts refused to consider it in the state

-2-

post-conviction proceeding. *Thomas*, 888 P.2d at 525. The federal district court[1] concluded the state procedural bar was independent and adequate and Winchester failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The court nevertheless considered the claim on the merits, concluding Winchester was not entitled to relief because a reasonable jury could have convicted him based on the evidence presented at trial. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The district court next considered Winchester's claimed violation of his Fourteenth Amendment right to due process and his Eighth Amendment right not to be subjected to cruel and unusual punishment. This claim was grounded in Oklahoma law which did not permit Winchester to allocute before sentencing because he chose a jury trial, not a bench trial. *See Malone v. State*, 58 P.3d 208, 209-10 (Okla. Crim. App. 2002) ("In all other cases, i.e., when the defendant has demanded the jury to assess punishment or the trial judge has allowed the jury to assess punishment, there simply is no provision allowing for mitigating evidence to be presented in the sentencing stage of the trial."); Okla. Stat. tit. 22, § 983 (2001). After thoroughly analyzing this claim, including Winchester's argument

---

[1]Winchester's claims were first considered by a United States Magistrate Judge who prepared a comprehensive Report and Recommendation. Winchester's timely filed objections were considered de novo by the district court before it adopted the Report and Recommendation.

that *Graham v. Florida*, 130 S. Ct. 2011 (2010) and *Simmons v. United States*, 390 U.S. 377 (1968), supported his position, the district court concluded Winchester's claim failed because it did not implicate any constitutional rights.[2] *See Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995) ("A trial court's failure to afford a defendant the right of allocution raises neither a jurisdictional nor a constitutional error cognizable in habeas."). The district court also denied Winchester an evidentiary hearing on this claim because, *inter alia*, he failed to specify the mitigating evidence he would have presented. The district court likewise concluded that Winchester's claim that the trial court erroneously failed to instruct the jury on a lesser-included offense failed to implicate a constitutional right. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases . . . and neither has this court.").

The district court next reviewed Winchester's claim that the admission of the victim's application for a protective order violated his rights under the Confrontation Clause. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court concluded the Oklahoma courts' adjudication of this claim was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Although

---

[2]Although this claim was not presented to the Oklahoma courts and the district court concluded it was subject to an anticipatory procedural default, the district court considered it on the merits.

Winchester's Eighth Amendment claim was also presented to the Oklahoma courts, the district court reviewed it de novo, concluding there was no Eighth Amendment violation and Winchester was not entitled to relief. *See Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991). The district court also rejected Winchester's claim of cumulative error. *See Darks v. Mullin*, 327 F.3d 1001, 1018 (10th Cir. 2003) (noting that cumulative error applies only to two or more individually harmless constitutional errors).

Winchester is before this court seeking a COA on all claims raised in his § 2254 petition with the exception of his sufficiency of the evidence claim. This court cannot grant Winchester a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Winchester has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Winchester is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Winchester's application for a COA and appellate brief, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Winchester is not entitled to a COA. The district court's resolution of Winchester's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Winchester has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Winchester's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge