Sean Richard SELLERS, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–93–711.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1995.

Steven M. Presson, Asst. Appellate Indigent Defender, Capital Post–Conviction, Norman, for petitioner.

Susan B. Loving, Atty. Gen. of Oklahoma, A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION AFFIRMING DENIAL OF POST–CONVICTION RELIEF

CHAPEL, Vice Presiding Judge.

Sean Richard Sellers was tried by a jury and convicted on three counts of First De-

gree Malice Aforethought Murder in violation of 21 O.S.Supp.1982, § 701.7, in the District Court of Oklahoma County, Case Nos. CRF–86–1231 and CRF–86–1232. The State filed a Bill of Particulars seeking the death penalty in both cases. In Case No. CRF–86–1231, which involved a single homicide, the State alleged two aggravating circumstances in support of the death penalty: that the killing was especially heinous, atrocious or cruel; and, that Sellers constituted a continuing threat to society. Case No. CRF–86–1232 involved a double homicide. To support the death penalty in that case, the State alleged the two aggravating circumstances set forth in Case No. CRF–86–1231, and added a third: that Sellers knowingly created a great risk of death to more than one person when he committed the double homicide. During the capital sentencing phase of trial, the jury found the existence of all the aggravators alleged in support of each homicide and sentenced Sellers to death on all three murder counts.

This Court affirmed Sellers's murder convictions and sentences of death in *Sellers v. State*,[1] and subsequently denied his petition for rehearing. Sellers then filed a petition for writ of certiorari in the United States Supreme Court. It was denied on October 15, 1991. *See Sellers v. Oklahoma*, 502 U.S. 912, 112 S.Ct. 310, 116 L.Ed.2d 252 (1991).

On January 28, 1993, Sellers filed an application for post-conviction relief in Oklahoma County District Court. As a result of a change in defense counsel, a substitute application for post-conviction relief was subsequently filed on March 8. Sellers agreed to press only those claims raised in his substitute application, which the district court denied on June 24, 1993. Sellers now appeals the district court's summary denial of his substitute application for post-conviction relief.

Sellers raises six propositions in his post-conviction appeal. This Court on direct appeal thoroughly considered and then rejected

---

1. 809 P.2d 676 (Okl.Cr.1991). This Court did, however, strike the "heinous, atrocious or cruel" aggravator for all three homicides, because the trial court failed to administer the requisite instruction limiting this aggravator to those mur-

ders where the victim was tortured or physically abused prior to death. After reweighing the valid aggravating and mitigating evidence, we concluded that the sentences of death were factually substantiated absent the stricken aggravator.

those claims raised in propositions three,[2] four[3] and five.[4] The district court therefore correctly concluded that these claims are barred under the doctrine of res judicata.[5] We now turn to propositions one, two and six, which the district court addressed on the merits.

In proposition one, Sellers alleges the existence of newly discovered evidence. He claims doctors have recently discovered that he has a physical brain injury and that he suffers from a mental infirmity known as Multiple Personality Disorder or "MPD." While Sellers concedes that MPD was known to exist at the time of his trial,[6] he argues that it was greatly misunderstood and often misdiagnosed. Sellers thus concludes that trial counsel could not have discovered his MPD prior to trial.

■■■ We disagree with Sellers's conclusion and find that although evidence of then existing but not yet presented or heard physical brain damage and MPD presents a valid ground for post-conviction relief under 22 O.S.1991, § 1080(d), it has been waived under 22 O.S.1991, § 1086.[7] Sellers failed to introduce this evidence at trial, on direct appeal and at rehearing, and has not presented a "sufficient reason"[8] to explain why he did not.[9] As Sellers concedes, MPD was, at the time of his trial, a recognized illness which defense counsel could have investigated.[10] Though at that time MPD was perhaps a relatively new mental disease, this fact does not provide a sufficient explanation under section 1086 for defense counsel's failure to explore it then or later on direct appeal or rehearing.[11]

■■■ As an alternative to the newly discovered evidence contentions raised in proposition one, Sellers complains in proposition two that trial counsel was ineffective for the following reasons: he failed to discover Sellers's brain damage and MPD; he failed to pursue from the outset a traditional insanity defense; and, he failed to obtain a competent psychological examination of Sellers. These ineffective assistance of trial counsel claims are waived because they could have been but were not raised on direct appeal.[12]

In a subproposition, Sellers argues appellate counsel was ineffective because she

**2.** See Sellers v. State, 809 P.2d at 688 (concluding that Pardon and Parole Board practices are not proper matters for jury consideration).

**3.** Id. at 688–89 (concluding that trial court did not err in excluding evidence concerning appropriateness of death penalty for juveniles).

**4.** Id. at 683–84 (concluding that trial court properly excluded evidence concerning the effects of satanism and cults on juveniles).

**5.** See Castro v. State, 880 P.2d 387, 388 (Okl.Cr. 1994); Fowler v. State, 873 P.2d 1053, 1055 (Okl.Cr.1994); Ross v. State, 872 P.2d 940, 941 (Okl.Cr.1994).

**6.** Petitioner's brief at 21.

**7.** The district judge concluded that the alleged newly discovered evidence did not warrant relief since its existence would not have changed the outcome of the trial.

**8.** 22 O.S.1991, § 1086.

**9.** Sellers argues that even if trial counsel had pursued a pretrial insanity defense, statutorily imposed limitations on defense expert funding would have made it impossible for him to have hired psychiatric experts capable of properly diagnosing him. We agree with the district court that Sellers has waived any expert funding claim under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1984), because he failed to raise it on direct appeal.

**10.** Assuming Sellers suffers from a physical brain injury and that injury was existent at the time of trial, defense counsel clearly could also have discovered it.

**11.** Even if Sellers's claims concerning evidence of physical brain damage and MPD were not procedurally barred, they would not require relief. To win a new trial on the basis of newly discovered evidence, a defendant must show that such evidence 1) is material, 2) could not with due diligence have been discovered before trial, 3) is not cumulative, and 4) creates a reasonable probability that the outcome of the trial would have been different had it been introduced. See Ellis v. State, 867 P.2d 1289, 1303 (Okl.Cr.1992). See also Smith v. State, 826 P.2d 615, 617–18 (Okl.Cr.1992), cert. denied, —— U.S. ——, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992) (discussing newly discovered evidence in the context of a post-conviction appeal). Trial counsel could have, with due diligence, discovered evidence of Sellers's brain damage and MPD prior to trial. Accordingly, it was not "newly discovered" and would not warrant a new trial.

**12.** See Thomas v. State, 888 P.2d 522 (Okl.Cr. 1994); Castro v. State, 880 P.2d at 388.

should have raised on direct appeal and preserved these ineffective assistance of trial counsel claims. This is a critical issue; if we conclude appellate counsel was ineffective in failing to raise these alleged trial counsel errors, those errors cannot be deemed to have been waived for purposes of this appeal.[13] We will therefore address this claim on the merits.[14]

■ Both trial and appellate counsel's performance must meet the "reasonably effective assistance" standard set forth in *Strickland v. Washington.*[15] To demonstrate ineffectiveness, a complainant must show that counsel's performance was deficient and that such deficient performance deprived him of a fair trial whose result is reliable.[16] In assessing an effective assistance of counsel claim, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"[17] In other words, a reviewing court must presume that the challenged conduct might be considered sound trial strategy given the circumstances existing at trial.[18] If trial counsel's performance in this case passes muster under the *Strickland v. Washington* test, appellate counsel's failure to attack that performance cannot constitute ineffective assistance.[19] We must therefore determine whether trial counsel provided Sellers with reasonably effective legal assistance.

■ Sellers's three claims of ineffectiveness in fact constitute one single complaint centering on trial counsel's initial election not to pursue a traditional insanity defense.[20] We owe a "heavy measure of deference" to trial counsel's strategic decision to raise the defense of "automatism" or "unconsciousness" rather than the defense of insanity.[21] To conclude that trial counsel's defense strategy and resulting decisions concerning psychological testing and exploration of mentally related defense theories were unreasonable would be to second guess his performance through the distorting effects of hindsight. This degree of judicial scrutiny is not required by *Strickland v. Washington.* We find that trial counsel's strategic defense decisions were neither deficient nor prejudicial, and that he provided Sellers reasonably effective assistance. Accordingly, appellate counsel was not ineffective in failing to attack trial counsel's performance under *Strickland v. Washington.* Proposition two is denied.[22]

In proposition six, Sellers claims that extreme workload levels in the Oklahoma Indigent Defense System's Capital Post–Conviction Division have rendered post-conviction appellate counsel incapable of effectively representing him. We declined to review the substance of a similar argument raised in a recent post-conviction appeal, concluding that "appointment of counsel in capital post-conviction proceedings is not constitutionally re-

13. *See Castro v. State,* 880 P.2d at 388.

14. The district court also considered the merits of Sellers's ineffective assistance claims, concluding that neither trial nor appellate counsel's performance fell below the objective standard of reasonableness required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

15. *See also Thomas v. State,* 888 P.2d at 525.

16. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064.

17. *Id.* at 689, 104 S.Ct. at 2065.

18. *Id.*

19. *See Thomas v. State,* 888 P.2d at 525.

20. Trial counsel originally pursued the defense of "automatism" (21 O.S.1981, § 152(6)), arguing

that if Sellers did commit the three homicides, he did so under the powerful influence of satanism and thus while virtually unconscious. *See Foster v. State,* 657 P.2d 166, 171 (Okl.Cr.1983). At some point during trial, defense counsel began focusing on an insanity defense. Ultimately, the trial judge refused defense counsel's instructions on "automatism" and instructed the jury on the defense of insanity.

21. *See Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. at 2066.

22. In propositions one and two, Sellers suggests the district court should have conducted an evidentiary hearing on his application. Sellers's application was capable of disposition on the pleadings and record, and his claims did not present any material issue of fact. An evidentiary hearing was therefore not required under 22 O.S.1991, § 1084. *See also Fowler v. State,* 873 P.2d at 1056; *Johnson v. State,* 823 P.2d 370 (Okl.Cr.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992).

quired."[23] This proposition is therefore denied.

After reviewing Sellers's application for post-conviction relief, the district court's findings of fact and conclusions of law, and Seller's brief appealing those findings and conclusions, we find that Sellers is not entitled to relief. We therefore **AFFIRM** the district court's order denying Seller's application for post-conviction relief.

JOHNSON, P.J., and LUMPKIN, LANE and STRUBHAR, J., concur.

---

**23.** *Thomas v. State,* 888 P.2d at 527.