**Darrin Lynn PICKENS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–94–1310.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1996.

---

Steven M. Presson, Patrick J. Ehlers, Appellate Defense Counsel, Oklahoma Indigent Defense System, Norman, for Appellant.

W.A. Drew Edmondson, Attorney General, A. Diane Blalock Assistant Attorney General, Oklahoma City, for Appellee.

## OPINION AFFIRMING DENIAL OF POST-CONVICTION RELIEF

LUMPKIN, Judge:

Appellant Darrin Lynn Pickens appeals to this Court from the denial of post-conviction relief by the District Court in Tulsa County, Case No. CF–90–717. At the conclusion of a jury trial, Appellant was convicted of first degree murder; robbery with firearm, after former conviction of a felony; shooting with intent to kill, after former conviction of a felony; and assault with intent to kill, after former conviction of a felony. After finding the presence of three aggravating circumstances—he was previously convicted of a felony involving the use or threat of violence to the person; he committed the murder to avoid or prevent a lawful arrest or prosecution; and the probability existed that the defendant would commit criminal acts of violence that would constitute a continuing threat to society—the jury returned a sentence of death for the murder; fifty (50) years for the robbery; ninety-nine (99) years for shooting with intent to kill; and ninety-nine (99) years for assault with intent to kill. This Court affirmed the convictions on direct appeal, and certiorari was denied by the Supreme Court of the United States. *Pickens v. State*, 850 P.2d 328 (Okl.Cr.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 942, 127 L.Ed.2d 232 (1994).

Appellant raised eight propositions of error in his application presented to the trial court. Those were: (1) the trial court erred in giving a flight instruction; (2) the trial court erred in refusing to define "life without parole"; (3) ineffective assistance of counsel at both the trial and direct appeal levels; (4) improper presentation of evidence at trial; (5) improper presentation of a videotaped confession to a murder in Creek County, based on a faulty affidavit for arrest and a resulting illegal detention; (6) failure to order a change of venue; (7) improper conditions of confinement which impair his right to effectively pursue post-conviction relief; and (8) inability to locate certain records and evidence used in the direct appeal, thus impairing his present attorney's ability to represent him effectively. In his application, he also requested an evidentiary hearing to prove his claims. He later raised a ninth proposition, based on this Court's opinion in *Pickens v. State*, 885 P.2d 678 (Okl.Cr.1994), a separate proceeding arising out of Creek County in which he was also sentenced to death. In this ninth proposition, based on this Court's determination his Creek County confession was obtained in violation of his Sixth Amendment right to counsel, Appellant claimed this confession, used in the second stage of his trial, mandated a new trial, or at least a new sentencing hearing.

■ The trial court denied relief in an order filed November 30, 1994.[1] It is from

---

1. In his order, Judge Beasley also addressed three issues presented by Appellant in a *pro se*

this denial that Appellant appeals to this Court.

■ Before we address Appellant's complaints, we must make the following observations which guide our review. As the post-conviction procedure is not intended to be a second direct appeal, *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995), this Court does not consider an issue which was raised on direct appeal (and is therefore *res judicata*), or an issue which could have been raised on direct appeal but which was not (and is therefore waived). *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

After thoroughly reviewing Appellant's brief and the State's response, we have determined we shall not address the following issues barred by *res judicata:* proposition two (failure of the trial court to define "life without parole") and proposition four (improper admission of evidence whose probative value is substantially outweighed by its prejudicial effect and failure to instruct on the proper use of evidence of prior convictions[2]).

We have determined the following issues are waived because they could have been presented on direct appeal but were not: proposition one (an instruction on flight was improperly given); proposition three (to the extent it alleges incompetent trial counsel); proposition five (evidence obtained from the Creek County investigation should not have been admitted, as it was the product of an illegal arrest and detention[3]); and proposition six (failure of the trial court to order a change of venue).

■ Of the remaining issues, Appellant in his seventh proposition of error claims conditions surrounding his confinement—lack of full-contact visits—are impeding his ability to have effective post-conviction remedies. We have previously determined this proposition is not a proper subject for post-conviction appeal. *Moore v. State*, 889 P.2d 1253, 1256 (Okl.Cr.1995), *cert. denied*, — U.S. —, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995). Appellant has presented nothing convincing this Court his case is any different.

Appellant in his third, eighth, ninth, and tenth propositions of error claims ineffective counsel. We shall address the ninth and tenth propositions first, as they are related.

In proposition nine, Appellant points to the fact a videotaped confession he made in Creek County to a murder in that county was used in his trial. We note the evidence was used only in the sentencing hearing to support the aggravating circumstance Appellant was a continuing threat to society. Although the district court held the matter was waived because it could have been investigated and raised on direct appeal, the State on appeal concedes waiver is not applicable here; accordingly, we address this proposition on the merits.

This Court held in *Pickens v. State*, 885 P.2d 678, 681–82 (Okl.Cr.1994), that Appellant's videotaped confession was taken in violation of his Sixth Amendment right to counsel. We held the error was not harmless as it pertained to the Creek County case, and reversed that conviction. Appellant claims we should do likewise here.

We do not agree. As noted above, this evidence was not used in the first stage of Appellant's Tulsa County trial. Accordingly, if the error affected anything, it would affect

amended application for relief: (1) the information contained misstatement of facts; (2) his conviction for robbery must be reversed because it served as the underlying felony for his conviction of felony murder; and (3) the court erred in admitting *statements to police made after he had requested an attorney.* Counsel on appeal from the trial court's denial does not raise those *pro se* issues in this appeal; and we therefore do not address them. *See* 22 O.S.Supp.1994, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rules 3.4(E) and 1.0.

2. Appellant implies in his argument there is intervening caselaw which removes this from the realm of *res judicata;* however, he presented no such caselaw in his brief.

3. The legality or illegality of Appellant's arrest on the Creek County cases is different from his separate complaint in proposition nine dealing with a Sixth Amendment violation of his right to counsel, which is discussed below.

only the second stage of the trial. *Day v. State*, 620 P.2d 1318, 1319 (Okl.Cr.1980); *Irvin v. State*, 617 P.2d 588, 599 (Okl.Cr.1980); *Barnhart v. State*, 559 P.2d 451, 458 (Okl.Cr. 1977). Here, it did not affect even that stage.

■ Admission of the videotaped Creek County confession is subject to a harmless error analysis: it is a classic trial error in that it is one "which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." *Bartell v. State*, 881 P.2d 92, 98 (Okl.Cr.1994) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 307–08, 111 S.Ct. 1246, 1263–64, 113 L.Ed.2d 302 (1991)).

■ The Creek County confession was only a part of the evidence used in support of that aggravating circumstance. The prosecution also presented evidence showing Appellant's prior convictions; his lack of remorse in committing the Tulsa County murder; and the fact that, after he shot and killed the victim in this case, he robbed another convenience store and attempted to kill that clerk the very same night. In light of the overwhelming evidence in support of this aggravating circumstance, we find the videotaped confession of the Creek County murder was harmless beyond a reasonable doubt, because when viewed in light of all the evidence presented in aggravation, there is no reasonable probability the error contributed to the imposition of the death penalty. *See Bryson v. State*, 876 P.2d 240, 256–57 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 752, 130 L.Ed.2d 651 (1995).

■ Appellant in his tenth proposition of error complains of state-induced ineffective trial counsel, in that counsel was misled by statements made by an officer involved in the Creek County murder which led to his not further investigating the circumstances surrounding the videotaped confession to that murder. In light of our holding in Appellant's proposition nine, this allegation is moot.

■ In his eighth proposition of error, Appellant claims he has been unable to examine much of the evidence used at his trial because it cannot be found. In disposing of this argument below, the trial court noted post-conviction counsel failed to justify his inability to view the items he requested. Further, the court noted counsel failed to offer justification for reviewing the evidence, as he had failed to show how another review "was necessary to develop facts or other circumstances which would have an impact on either Petitioner's conviction or sentence." (Order denying relief at 36, PC O.R. at 255). On appeal, counsel does not show this Court whether he has made further inquiry into areas suggested by the trial court in his order denying relief, nor does he show he has exhausted all possible sources where the evidence may be located. He has also failed to demonstrate how examination of these materials was necessary to support his claims on appeal from denial of his application for post-conviction relief within the context of the limited scope of reviewable issues on post-conviction review.

Accordingly, Appellant was not denied effective assistance of post-conviction counsel.

■ In his third proposition, Appellant alleges ineffective assistance of counsel both at trial and on direct appeal. Appellant could have raised the issue of ineffective trial counsel on direct appeal; however, the State urges us to address the issue, citing *Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995).

This we refuse to do. The pertinent language in the *Brecheen* case reads:

> This need to give a meaningful opportunity to assess and develop a claim of ineffective assistance of counsel, coupled with the fact that such claims may require an opportunity to develop additional facts, compel the conclusion that "ineffective assistance claims may be brought for the first time collaterally." (Citations omitted). *Osborn [v. Shillinger*, 861 F.2d 612 (10th Cir. 1988) ] indicates that this result is dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult

with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance.

*Brecheen,* 41 F.3d at 1363–64. While we recognize there may be instances where additional fact-finding is necessary to fully develop a claim of ineffective trial counsel, this case is not one where that occurred. And, while we recognize the Tenth Circuit's generous interpretation of its own review provisions, we refuse to sacrifice our post-conviction laws and caselaw on the altar of one-stop convenience. Rather, we shall continue to do what we have done in the past: review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as that need arises. *See Berget v. State,* 907 P.2d 1078, —— (Okl.Cr.1995); *Sellers v. State,* 889 P.2d 895, 897 (Okl.Cr.), *cert. denied,* —— U.S. ——, 116 S.Ct. 214, 133 L.Ed.2d 146 (1995).

Here, Appellant alleges trial counsel was incompetent because they "simply caved in and conceded the issue of guilt," following "the path of least resistance." Brief of Appellant at 25. Specifically, he claims counsel made no opening statement, did not cross-examine many of the prosecution's witnesses, and did not cross-examine in a meaningful way many others. Appellant then gives specific examples in support of his claim, often citing to the preliminary hearing transcript. At the risk of stating the obvious, citing to instances at trial and the preliminary hearing transcript cannot by any means be considered additional fact-finding which the Tenth Circuit treasures. Appellant also cites psychological evidence; however, this evidence, too, was available to counsel at trial. Accordingly, we see no additional facts being developed here. Appellant then complains that if trial counsel had investigated his background more thoroughly, they would have discovered Appellant "probably" suffers from other mental illnesses. Rather than showing this Court additional facts, this argument merely shows additional speculation.

Accordingly, as there was no additional fact-finding need submitted by Appellant in support of his post-conviction claim of ineffective trial counsel, we shall consider this argument waived for purposes of post-conviction review.

■■■■ This view is further supported by one argument Appellant makes in support of his claim his direct appeal counsel was ineffective. There, Appellant claims direct appeal counsel was ineffective because he knew trial counsel was ineffective, but did not raise the allegation because trial counsel were his colleagues and friends. This failure to raise, Appellant claims, constitutes a conflict of interest.

Initially, we note the only authority in support of this portion of the proposition consists of two dissenting opinions from other jurisdictions. There was no objection to the representation by the Tulsa County Public Defender's Office either on appeal or at trial. Where no such contemporaneous objection is made, a petitioner must demonstrate an actual conflict, not just the possibility of one. *See Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333, 350 (1980); *United States v. Gallegos,* 39 F.3d 276, 278 (10th Cir.1994). This Court has in the past affirmed cases where an appellant is represented by the same agency (with different counsel) at both trial and on direct appeal. This fact does not in and of itself demonstrate ineffective appellate counsel, *see Moore,* 889 P.2d at 1255 n. 3; *Williamson v. State,* 852 P.2d 167, 169 (Okl.Cr. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2122, 128 L.Ed.2d 677 (1994), and Appellant has not shown this Court anything beyond the fact his two sets of attorneys belonged to the same general organization. Accordingly, as find no "apparent" conflict of interest.

■■■ Appellant then cites examples showing "actual" ineffective appellate counsel. We have held the test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assistance" as enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). This basic test for ineffectiveness of counsel is "[w]hether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Thomas v. State,* 888 P.2d 522, 525 (Okl.Cr.1994), *cert.*

*denied,* — U.S. —, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995) (quoting *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063–64). Concerning appellate counsel, we review the record to determine whether "appellate counsel's conduct so undermined the adversarial process that there emerged an unjust result in violation of Petitioner's due process rights." *Id.* In evaluating this claim we begin with the "strong presumption" counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* (citing *Nguyen v. State,* 844 P.2d 176, 179 (Okl.Cr.1992), *cert. denied,* 509 U.S. 908, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993)).

■ Appellant claims appellate counsel was ineffective because he failed to allege trial counsel was ineffective in a number of areas. To show prejudice, Appellant must show that but for appellate counsel's errors in failing to raise the issue, his case would have been reversed or modified on direct appeal as a result of trial counsel's errors. Accordingly, although many of the issues are waived, we examine them only insofar as it is necessary to determine whether, had appellate counsel raised them on direct appeal, reversal or modification would be warranted.

■ Appellant first contends appellate counsel was ineffective because he did not raise infirmities dealing with a flight instruction. He bases this on our decision in *Mitchell v. State,* 876 P.2d 682 (Okl.Cr.1993), where we held a flight instruction should not be given in many instances. However, to explore Appellant's complaint is to answer it. He points out appellate counsel had complained of a flight instruction on many occasions, but did not do so in his case. Had he done so, Appellant contends his case would have been reversed. In this instance, counsel overlooks the first prong of the test for incompetent counsel. In addition to showing prejudice, an appellant must rebut the presumption his counsel's performance was not substandard. This he has failed to do. As *Mitchell* points out, this Court had upheld

the flight instruction against numerous attacks in the past. Under those circumstances, appellate counsel's performance was not substandard. An appellate counsel is under no obligation to raise every non-frivolous issue which could be raised. *Castro v. State,* 880 P.2d 387, 389 (Okl.Cr.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995). Neither appellate nor trial counsel here could have known this Court would reverse decades of jurisprudence dealing with the flight instruction. Accordingly, there is no basis here for an ineffective appellate counsel claim.

■ Appellate counsel also failed to raise the question of venue on appeal. He points out trial counsel sought a change of venue, which was denied by the trial court. This Court has held more than simple pre-trial publicity is necessary before a change of venue can be granted. We have held the presumption is that a defendant is capable of receiving a fair trial within the county in which he is charged; and he must rebut this presumption by clear and convincing evidence not only that the jurors were exposed to pretrial publicity, but also that he was prejudiced by it as a result. *Mayes v. State,* 887 P.2d 1288, 1296 (Okl.Cr.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1260, 131 L.Ed.2d 140 (1995). Appellant has presented nothing to this Court in his post-conviction application showing he did not receive a fair trial; a statement that his case "was one of the most celebrated cases in Tulsa County history" is not sufficient to rebut the presumption that pretrial publicity did not prevent him from receiving a fair trial. Appellant here has not rebutted the strong presumption appellate counsel was competent.

Accordingly, this proposition is likewise without merit.[4]

■ In his eleventh proposition of error, Appellant complains the trial court erred

4. Appellant also argues counsel was ineffective because he was "inartful" in his presentation on direct appeal that gruesome and inflammatory evidence was permitted during his trial (his fourth proposition of error, which we do not address because of principles of *res judicata* ).

We resolved this on direct appeal, finding no merit to the complaint. If we found no merit to it then, we would find no merit to it now: Appellant's current argument is no more persuasive simply because it was presented in a different fashion.

when it did not hold a requested evidentiary hearing before ruling on his application for post-conviction relief. Specifically, he claims the hearing was necessary to develop his claim of illegal arrest and subsequent statements from Creek County; and to develop what trial counsel did or did not do at trial.

We first note evidentiary hearings at the post-conviction relief level must be held only when there exists "a material issue of fact." 22 O.S.1991, § 1083(b). However, the district court can receive proof by affidavits, depositions, oral testimony or other evidence. 22 O.S.1991, § 1084. Here, the district court made excellent findings of fact. It is obvious there was nothing "which required proof not contained in those records" before the district court. *Johnson v. State*, 823 P.2d 370, 373–74 (Okl.Cr.1991). And since an evidentiary hearing is not otherwise required, *Id.* at 373, the district court did not err in deciding the claims without an evidentiary hearing. *See also Moore*, 889 P.2d at 1258; *Sellers*, 889 P.2d at 898 n. 22; *Fox*, 880 P.2d at 385.

We find no merit to this proposition of error.

In his last proposition of error, Appellant contends the district court erred in denying his discovery request which he claims was necessary to obtain documents and evidence necessary for his post-conviction application.

■ We begin with an observation we have made before: a petitioner seeking post-conviction relief has no right to obtain the prosecution's entire file. *Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.), *cert. denied*, 506 U.S. 958, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992). And although a prosecutor is obligated to turn over any exculpatory evidence, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), Appellant has presented nothing indicating this was not done. Here, the district court overruled Appellant's general discovery motion, but did order preservation of certain evidence so counsel could analyze it (transcript of proceedings held 6–15–94, at page 2–3). The prosecutor also agreed to look through his files to provide any lab reports counsel did not have (transcript at page 3). The court also told post-conviction counsel he would reconsider the issue if counsel uncovered anything indicat-

ing exculpatory materials had been withheld (transcript at page 4). Appellant has provided nothing to this Court showing such materials were discovered, or even existed. *See Smith v. State*, 878 P.2d 375, 379 (Okl.Cr.), *cert. denied*, —— U.S. ——, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994).

Accordingly, Appellant's twelfth and final claim is without merit. We therefore AFFIRM the district court's denial of post-conviction relief.

JOHNSON, P.J., CHAPEL, V.P.J., and STRUBHAR, J., concur.

LANE, J., concurs in results.