**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND PALMER,

      Petitioner - Appellant,

vs.

H.N. SCOTT, also known as Sonny
Scott; ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 98-7022
(D.C. No. 97-CV-232-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Petitioner-appellant Raymond Palmer, an inmate appearing pro se, appeals

from the district court's dismissal of his petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254. The district court determined that, because Mr.

Palmer had not exhausted his available state remedies, it could not hear his claims

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

for relief. The district court dismissed the petition without prejudice and refused to grant a certificate of appealability. We grant a certificate of appealability and deny the writ.

## Background

Mr. Palmer was convicted of murder and sentenced to life imprisonment in 1986. On February 14, 1985, prior to trial, his counsel filed an application for mental observation and examination, alleging there was doubt about Mr. Palmer's sanity. The state court issued a commitment order on March 7, directing the sheriff to transport Mr. Palmer to Eastern State Hospital for observation and examination. A notation on the commitment order states that Eastern State Hospital personnel had already evaluated Mr. Palmer in the county jail on February 14. On March 20, Mr. Palmer's counsel filed a motion for a determination of competency, but it is unclear from the pleadings whether the motion was granted. Mr. Palmer claims that a competency hearing was never held. After his conviction, Mr. Palmer was diagnosed as mentally ill and transferred to a mental health unit at the correctional center. There it was discovered that he had a large tumor in the frontal lobe of his brain. After it was surgically removed, he was reclassified into the general population of the correctional center.

Although Mr. Palmer's appellate counsel was advised of the surgery, he

failed to pursue issues related to Mr. Palmer's competency on appeal. Mr. Palmer represents that his direct appeal was denied in all respects in 1990. He then filed a pro se application for state post-conviction relief, in which he raised for the first time issues related to his competency. The state district court denied the application for post-conviction relief in 1991. Mr. Palmer allegedly lost some of his legal papers while being transported to the Oklahoma State Penitentiary, and thus sought leave from the state district court to appeal out of time the denial of post-conviction relief. The court apparently denied the application to appeal out of time, but Mr. Palmer did not appeal that denial to the Oklahoma Court of Criminal Appeals.

Under the liberal pleading standard for pro se plaintiffs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we construe his request for a certificate of appealability as raising the following issues: (1) whether he was tried while mentally incompetent in violation of due process and equal protection; and (2) whether he was provided with the assistance of a psychiatrist, as is required under Ake v. Oklahoma, 470 U.S. 68 (1985), for an indigent defendant who demonstrates that his sanity at the time of the offense is to be a significant factor at trial. Under 28 U.S.C. 2253(c)(2), we can only grant a certificate of appealability upon "a substantial showing of a denial of a constitutional right."

Discussion

Normally, before a petition may be granted, a petitioner must demonstrate exhaustion of state court remedies unless "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Mr. Palmer, by failing to appeal the denial of the application to appeal out of time, did not exhaust available state remedies. See 28 U.S.C. § 2254(c). However, his claims appear to be procedurally barred because they were not raised in his direct appeal. See Okla. Stat. Ann. tit. 22, § 1086; Sellers v. State, 889 P.2d 895, 897 (Okla. Crim. App. 1995). We need not decide the exhaustion issue because we conclude that Mr. Palmer's claims otherwise fail. See 28 U.S.C. § 2254(b)(2).

In general, federal habeas review of procedurally barred issues is precluded "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although this rule applies to Mr. Palmer's Ake claim, it does not apply to substantive mental competency claims. See Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997), cert. denied, 119 S. Ct. 128 (1998); Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997). Therefore, we proceed to consider the merits of the competency claim.

- 4 -

A.

Competence to stand trial requires that a defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam)). Trying an incompetent defendant violates substantive due process. See id.; Sena, 109 F.3d at 654. However, "a State may presume that the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence." Cooper, 517 U.S. at 355. A habeas petitioner can receive a nunc pro tunc evidentiary hearing in order to show that he was incompetent at the time of trial only upon raising a threshold doubt about his competency by clear and convincing evidence. See Nguyen, 131 F.3d at 1346.

After reviewing the briefs, we find no merit to Mr. Palmer's competency claim. He has not put forward any facts or allegations which indicate that, at the time of trial, he was unable to meaningfully consult with his lawyer and understand the proceedings against him. Mr. Palmer fails to present evidence of any irrational or unusual behavior that he may have displayed during the pretrial proceedings or trial. He does raise the fact of the removal of his tumor after his conviction, which may indeed have affected his behavior; however, in evaluating

his claim, we must place ourselves in the position of the trial judge prior to and during the trial. Because Mr. Palmer has thus not raised a threshold doubt about his competency by clear and convincing evidence, we conclude that he is not entitled to an evidentiary hearing in the district court.

B.

In <u>Ake v. Oklahoma</u>, 470 U.S. 68, 83 (1985), the Supreme Court held that

> when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

However, the defendant must offer "more than undeveloped assertions that the requested assistance would be beneficial." <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 323 n.1 (1985). Likewise, we have described the showing a defendant must make: "General allegations supporting a request for court appointment of a psychiatric expert, without substantive supporting facts, and undeveloped assertions that psychiatric assistance would be beneficial to the defendant will not suffice to require the appointment of a psychiatrist to aid in the preparation of a criminal defense." <u>Liles v. Saffle</u>, 945 F.2d 333, 336 (10th Cir. 1991).

Mr. Palmer's failure to raise this claim on direct review precludes federal habeas relief, absent a showing of cause and prejudice or a fundamental miscarriage of justice. He asserts the "cause" for failure to raise the issue was

- 6 -

ineffective assistance of appellate counsel. However, although this is adequate cause for his failure to raise the issue on appeal, he is unable to show prejudice. Again, Mr Palmer relies on the fact that a tumor was removed from his brain after his conviction. He has failed, however, to present any substantive evidence going beyond general allegations as to his sanity that was available at the time of trial. An unsupported allegation does not suffice to require the appointment of a psychiatrist. Therefore, Mr. Palmer was not entitled to the assistance of a psychiatrist at the time of his trial. We do not address the fundamental miscarriage of justice standard because Mr. Palmer does not make a claim of factual innocence. See Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

Accordingly, we GRANT Mr. Palmer a certificate of appealability on both the competency and Ake claims, and DENY the petition for the writ of habeas corpus.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge