1999 OK CR 6

**Sean Richard SELLERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. PC–93–711.

Court of Criminal Appeals of Oklahoma.

Feb. 1, 1999.

Steven M. Presson, Robert Jackson, Jackson & Presson, P.C., Norman, Attorneys For Petitioner.

No Response Required, Attorneys for State.

### OPINION

CHAPEL, Judge:

¶ 1 Sean Richard Sellers was tried by jury, convicted of three counts of Murder in the First Degree, and received the death penalty on all three counts. His convictions and sentences were upheld on direct appeal.[1] On February 7, 1995, this Court denied Sellers's first Application for Post–Conviction Relief.[2] Sellers's application for federal habeas corpus relief was denied,[3] and an execution date was set for February 4, 1999. On January 29, 1999, Sellers filed this Emergency Motion to Recall the Mandate, Alternative Emergency Petition for a Writ of Habeas Corpus, and Emergency Request for a Stay of Execution (Motion for Relief).

¶ 2 We treat Sellers's Motion for Relief as a subsequent application for post-convic-

---

1. *Sellers v. State,* 1991 OK CR 41, 809 P.2d 676, cert. denied, 502 U.S. 912, 112 S.Ct. 310, 116 L.Ed.2d 252.

2. *Sellers v. State,* 1995 OK CR 11, 889 P.2d 895, cert. denied, 516 U.S. 880, 116 S.Ct. 214, 133 L.Ed.2d 146 (1995) (*Sellers2* ).

3. *Sellers v. Ward,* 135 F.3d 1333 (10th Cir.1998).

tion relief under the statute governing post-conviction procedure in capital cases.[4] Title 22, § 1089(D)(8) provides that if a subsequent application for post-conviction relief is filed, we may not consider its merits or grant relief unless the application "contains specific facts establishing that the current claims and issues have not been and could not have been presented previously" because the factual or legal basis was unavailable.[5] We consider Sellers's two propositions in light of these restrictions.

¶ 3    Sellers first claims this Court erred in *Sellers2* when we determined he had waived his claim of newly discovered evidence of multiple personality disorder (MPD). This claim is based on both the post-conviction statutes in effect at the time and the Tenth Circuit's opinion in *Sellers v. Ward*, which assumed without deciding that we analyzed Sellers's claim under the wrong statute when applying the procedural bar, but determined that error would not afford Sellers federal habeas corpus relief.[6]

¶ 4    *Sellers2* was decided under the previous post-conviction statutes. *Sellers2* was Sellers's original post-conviction application, and should have been decided under 22 O.S. 1991, §§ 1089 and 1080.[7] However, this Court applied 22 O.S.1991, § 1086, the statute governing subsequent applications, in determining that Sellers waived his claim of newly discovered evidence. As we noted, this issue would have been properly raised under the appropriate post-conviction statute.[8] As we incorrectly applied § 1086 to determine Sell-

ers's claim was waived, we now consider the merits of his claim.

¶ 5    Sellers claims this Court should consider as newly discovered evidence his claim that he suffered from MPD at the time of the crimes, and that this provides a defense of factual innocence to the charges against him. In *Sellers2* we noted MPD was a recognized illness which defense counsel could have investigated at the time of Sellers's trial.[9] Sellers claims that counsel could not have raised the issue because sophisticated diagnostic and evaluative tools have been developed since his trial, but concedes that MPD was recognized at that time.[10] He argues instead that this condition was not *reasonably* discoverable.[11] We reject this interpretation and adopt our finding in *Sellers2*. MPD was recognized as a disease at the time of Sellers's trial, and could have been discovered at that time. Thus it cannot support a claim of newly discovered evidence.[12] This proposition is denied.

¶ 6    In his second proposition Sellers claims the Oklahoma Pardon and Parole Board's clemency scheme, as applied in his clemency hearing, violates his due process rights under the United States and Oklahoma Constitutions. At Sellers's January 27, 1999, clemency hearing, counsel presented Sellers's case for clemency and Sellers had an opportunity to speak personally to Pardon and Parole board members for twenty minutes; the Board did not recommend clemency. The factual basis for this claim was unavailable at the time of Sellers's first appli-

---

4.  22 O.S.Supp.1995, § 1089(D)(8).

5.  *Id.*

6.  *Sellers v. Ward*, 135 F.3d at 1339.

7.  22 O.S.1991, § 1089 governs post-conviction procedure in capital cases and provides, "All matters not specifically governed by the procedures of this section" are subject to the provisions of the general Post–Conviction Procedure Act. 22 O.S.1991, § 1089(D). Section 1080 sets forth grounds for relief and matters which may be raised on post-conviction.

8.  22 O.S.1991, § 1080(d).

9.  *Sellers2*, 889 P.2d at 897. We also agree with our determination that Sellers waived any claim

that he was precluded from investigation by lack of funds, as he could have raised a claim for expert assistance under *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), on direct appeal. *Sellers2*, 889 P.2d at 897 n. 9.

10.  Brief at 2.

11.  Brief at 3 (emphasis in original).

12.  A defendant *must show that the evidence is* (1) material, (2) could not with due diligence have been discovered before trial, (3) is not cumulative, and (4) creates a reasonable probability that the outcome of the trial would have been different had it been introduced. *Sellers2*, 889 P.2d at 897 n. 11.

cation for post-conviction relief. We note that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review."[13] We recognize that we have held Oklahoma's clemency scheme is not an appropriate subject for review under the Post–Conviction Procedure Act.[14] However, those cases concerned the prospective general application of clemency. Sellers, by contrast, presents a clearly defined and justiciable issue: whether he was afforded due process in the proceedings culminating in the January 27, 1999, clemency hearing. We reach the merits of this issue of first impression.[15]

■■■ ¶ 7 Although clemency is a decision for the executive branch, some minimal procedural safeguards apply to clemency proceedings.[16] Due process requires, at a minimum, notice and the opportunity to be heard according to established procedures.[17] Sellers was given notice of the date and time of the clemency hearing more than two weeks before it was held. He received a written letter outlining the procedures which would be followed, and, according to the facts he provides in his Motion for Relief, those procedures were followed. While there were apparently some irregularities in the notice process, and this Court would not necessarily have prescribed the procedure that was followed, Sellers had notice and the opportunity to present his case at a hearing held according to established procedures. Sellers received the minimum required by due process, and this proposition is denied.

¶ 8 We have rejected Sellers's claim that, under the statutes formerly governing capital post-conviction cases, he would have been entitled to relief on his claim of newly discovered evidence. We also reject his claim that

the clemency proceedings in his case violated his rights to due process. Sellers's petition to withdraw the mandate previously issued in this case is **DENIED**. Sellers's petition for a writ of habeas corpus is **DENIED**. Finding no merit to his claims, Sellers's request for a stay of execution is **DENIED**.

STRUBHAR, P.J., LUMPKIN, V.P.J., JOHNSON, J., and LILE, J., concur.

13. *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 464, 101 S.Ct. 2460, 2464, 69 L.Ed.2d 158 (1981); *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (Rhenquist, J., plurality opinion as to Part II).

14. 22 O.S.Supp.1995, § 1089(C); *Darks v. State,* 1998 OK CR 21, 954 P.2d 169, 173; *Douglas v. State,* 1998 OK CR 12, 953 P.2d 349, 353–54; *Gilbert v. State,* 1998 OK CR 17, 955 P.2d 727, 733.

15. Sellers's February 1, 1999, Motion to Dismiss Part II of his Motion for Relief is **DENIED**.

16. *Woodard,* 118 S.Ct. at 1254 (O'Connor, concurring in result as to Part II) (plurality opinion).

17. *Wallace v. State,* 1995 OK CR 19, 893 P.2d 504, 519, *cert. denied,* 516 U.S. 888, 116 S.Ct. 232, 133 L.Ed.2d 160 (Chapel, concurring in result).